### TOTH v. TALBOTT.
### No. 68.

United States District Court
District of Columbia.
June 25, 1953.

Writ Sustained Sept. 3, 1953.
See 114 F.Supp. 468.

William A. Kehoe, Jr., Washington, D. C., and Anthony R. McGrath, Pittsburg, Pa., for petitioner.

Leo A. Rover, U. S. Atty., Edward O. Fennell, Asst. U. S. Atty., and Lt. Col. Chester W. Wilson, U. S. A. F., Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This case involves some novel questions under the new Code of Military Justice, 50 U.S.C.A. § 551 et seq. There is presented to the Court a petition for a writ of habeas corpus against the Secretary of the Air Force. The undisputed facts are as follows.

The petitioner is a civilian residing in Pittsburgh, Pennsylvania. He is a former member of the armed forces of the United States and as such he had served in Korea. On May 13, 1953, he was arrested at his place of employment in Pittsburgh by members of the military police and transported to Korea on a charge of having committed murder there while a member of the armed forces.

This procedure was followed under the provisions of Article 3(a) of the Uniform Code of Military Justice, 50 U.S.C.A. § 553 (a), which provides that any person charged with having committed while in a military status an offense against the Code of Military Justice punishable by confinement of five years or more, and for which that person cannot be tried in the courts of the United States or any territory thereof, or of the District of Columbia, shall not be relieved from amenability to trial by courts-martial by reason of termination of said status.

In other words, that provision of the Uniform Code of Military Justice extends the jurisdiction of courts-martial to a civilian who had been a member of the armed forces in respect of certain offenses committed while the accused was a member of the armed forces. There is no provision,

however, governing arrest or preliminary hearings or method of removing a person taken into custody for trial under this section.

It will be observed that the court-martial by which the accused is to be tried was not convened in Pittsburgh, where the accused lived, but in Korea, where the crime is said to have been committed.

■ There is no provision of law granting to members of the military police the power or authority to arrest a civilian, even for the purpose of implementing the above-mentioned limited jurisdiction. Therefore, members of the military police, when they arrested the petitioner, had no greater power of arrest than would a private citizen. Obviously, every private citizen has certain powers of arrest, and those are the only powers that the members of the military police had in respect to this petitioner.

Rule 5 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires a person making an arrest to take the arrested person, without unnecessary delay, before the nearest available United States Commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States.

The commissioner is required to give the person a preliminary hearing. To be sure, the commissioner is not empowered to hold the accused for trial by court-martial. He may hold him for trial only in a District Court. It may be perhaps that there is some way of removing the case from the District Court to the court-martial for trial. The fact is that there is an omission in the Code of Military Justice on this matter. No machinery is provided whereby a civilian can be arrested and removed to a distant point for trial by court-martial. It would be wrong for the Court to try to sup-ply the machinery which Congress has omitted to furnish.

This subject is a very serious one, as the Court sees it. One of the foundation stones of our Republic is that the civil power shall at all times be superior to the military power. It is a grave matter for military police to arrest a civilian and remove him for trial forthwith, without a hearing, to a distant point in this country or to a foreign country, as is the case in this instance, when there is no provision in any statute authorizing this to be done. I think it is the Court's duty to protect the person whose rights have been invaded in this respect.

The Court has no doubt but that the military acted in the best of faith. But I think it acted entirely without authority. The Court had some doubt as to its power to issue a writ of habeas corpus that would be effective in a foreign country in respect to a citizen of the United States. However, both the United States Attorney and the legal representative of the Air Force, who is present in court, admit that such jurisdiction exists, and its existence was assumed without discussion by the Supreme Court of the United States in Burns v. Wilson, 73 S. Ct. 1045.

The Court does not feel that it is appropriate at this stage of the proceedings to pass upon the constitutionality of Section 3(a) of the new Uniform Code of Military Justice. That would be important if the court-martial had exercised its jurisdiction and had convicted and sentenced the petitioner. At this time the question is premature.

The Court will issue a writ of habeas corpus which will require the defendant to be brought back from Korea to appear before this court.

You may submit your order.