## TOTH v. TALBOTT.

No. 68.

United States District Court
District of Columbia.
Sept. 3, 1953.

William A. Kehoe, Jr., Washington, D. C., and John J. McGrath, Pittsburgh, Pa., for petitioner.

Leo A. Rover, U. S. Atty. for the Dist. of Columbia, and William J. Peck, Asst. U. S. Atty., Washington, D. C., and Colonel Chester W. Wilson, of the U. S. Army Air Force, Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This case comes before this Court on a return to the writ of habeas corpus previously issued.

The petitioner for the writ is a civilian, residing in Pittsburgh, Pennsylvania. He was taken into custody in Pittsburgh by police of the Air Force of the United States Army and transported to Korea for trial by court martial on a charge of murder.

Article 3(a), Title 50 U.S.C.A. § 553(a), of the Uniform Code of Military Justice provides that a former member of the military or naval personnel shall be amenable to trial by court martial for certain offenses committed or alleged to have been committed by him while he was in a military or naval status. The charge on which it is proposed to try this petitioner and for which he was taken into custody is a charge of murder said to have been committed while the petitioner was a member of the Armed Forces.

The petition for the writ challenged the constitutionality of Article 3(a) of the Uniform Code of Military Justice and further challenged the legality of the procedure followed in transporting the petitioner to Korea from the place where he was apprehended. A rule to show cause why a writ should not be issued was granted and after full hearing held on the return to the rule to show cause this Court issued the writ.[1]

■ This Court adheres to the view that it expressed at that time. The Court deems it premature to pass upon the constitutionality of Article 3(a). The proper time to do so would be if and when the petitioner were tried and convicted by court martial.

■ The question before the Court, however is the legality of the restraint of the petitioner in Korea. Article 7(b), Title 50 U.S.C.A. § 561(b), of the Uniform Code of Military Justice authorizes persons empowered by regulations governing the Armed Forces to apprehend persons subject to trial by court martial, to do so upon reasonable belief that an offense has been committed and that the person apprehended has committed it. Obviously, this is no greater power than is possessed by every civilian. Any private person may make an arrest for a felony upon reasonable belief that the person whom he is arresting has committed a felony.

■ Article 9(c), which is found in Title 50 U.S.C.A. § 563(c), provides that a civilian subject to trial by court martial may be ordered into arrest or confinement only by a commanding officer to whose authority he is subject. The petitioner is a civilian. He is not subject to the authority of any commanding officer. The statutory provision seems to be a *non sequitur*.

■ Irrespective of this consideration, however, even if it were to be assumed that the apprehension of the petitioner in Pittsburgh were legal, the question still arises, and that is the crux of this case, whether there was any authority to transport him for trial to a distant point, such as Korea. Congress has not spoken on this subject. The Code contains no provision authorizing the transportation of a civilian from the point where he is apprehended to a distant point for trial by court martial. As the Court indicated on the prior hearing, it has no authority to supply a gap that Congress has not filled.

■ Transportation of a person to a distant point for trial involves serious consequences. It is contrary to the principles of American institutions to remove a person to a distant point for trial without express authority to do so and without appropriate safeguards provided by statute. In fact, one of the grievances of the Colonists

1. D.C.D.C. 113 F.Supp. 330.

that led to the American Revolution was a threat on the part of the British authorities to remove certain persons from the Colonies to the British Isles for trial.[2]

Whether Congress may constitutionally authorize the military to transport a person to a distant point for trial without a hearing need not be determined, because Congress has not done so. It is not a power that can be implied, and it has not been granted expressly.

I reiterate what I said at the prior hearing, namely, that under our system of law, the civil power is paramount over the military and that military authority must be exercised within the ambit authorized by Congress.

I do not doubt the good faith of the military in pursuing the course that they have followed in this case, but it is the view of this Court that power to do so does not exist and that there is no authority to remove a civilian for trial by court martial to a point distant from the place where the civilian is apprehended.

The Court will sustain the writ for the reasons indicated and will discharge the petitioner.

2. It will be recalled that the Declaration of Independence in enumerating the grievances against the British Crown specifies: "transporting us beyond Seas to be tried for pretended offenses."